## O'DWYER, Appellant, v. CITY OF MONETT, Respondent.

St. Louis Court of Appeals, February 19, 1907.

1. MUNICIPAL CORPORATIONS: Ordinances: Passing Ordinance. Where the journal containing the minutes of the proceedings of the city council does not show that an ordinance was read or passed at the date it purports to have been passed, such ordinance is of no force or effect.

2. ———: ———: ———: Number of Councilmen in Cities of Third Class. Section 5767, Revised Statutes of 1899, provides that cities of the third class shall be divided into not less than four wards and two councilmen shall be elected from each ward, and section 5832 provides that an ordinance shall not be passed except by a vote of the majority of the members elected to the council; and where the journal proceedings of the city council show that only three votes were cast in favor of the passage of an ordinance, such ordinance failed to pass and is of no force.

3. ———: Officers and Agents: Estoppel. A city councilman is a public official and not the general or private agent of the city in which he holds his office. He can bind the city only by such acts and contracts as he is authorized by law to make; a city, by paying a certain salary to the marshal, is not estopped to deny that he is entitled to a salary in that amount.

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*Mayhew & Sater* for appellant.

It is a well-settled principle of law that the doctrine of estoppel applies to municipal corporations as well as to private individuals. Depot Co. v. St. Louis, 76 Mo. 393; State ex rel. v. Murphy, 134 Mo. 567; Stealey v. Kansas City, 179 Mo. 407; Kneeland v. Gilmon, 24 Wis. 39, 15 L. R. A. 405, 410. A village is estopped from denying the legal passage of an ordinance after it has published the same in pamphlet form. 16 L. R. A. 178.

*John T. Burgess* for respondent.

A public official is not entitled to compensation by virtue of a contract express or implied. The right of compensation can only exist, if at all, as a creation of law incident to the office. Givens v. Daviess Co., 107 Mo. 603. There is no record of the passage of the ordinance of March 28, 1899, which plaintiff claims under, and the passage of the one of March 24, 1903, is equally bad as not complying with the statutes. R. S. 1899, sec. 5055. McQuillin on Municipal Ordinances, sec. 14, page 20. A city and the inhabitants thereof cannot be bound other than by a valid ordinance legally passed, or a valid contract. Crutchfield v. Warrensburg, 30 Mo. App. 456; Hisey v. Charleston, 62 Mo. App. 381; Savage v. Springfield, 83 Mo. App. 323; Perkins v. School Dist., 99 Mo. App. 483; Anderson v. Ripley Co., 181 Mo. 59.

BLAND, P. J.—Monett is a city of the third class. At the general election held in the said city April 7, 1903, plaintiff was elected marshal for a term of one year. He qualified and discharged the duties of his office during his term. At the end of each month plaintiff presented a salary account of fifty dollars to the city council for allowance, and the accounts as presented, were audited and allowed. At the termination of plaintiff's term of office, a balance of one hundred and twenty

dollars was due him on account of salary as allowed by the city council. The action is to recover this balance. The issues were tried to the court sitting as a jury, who found for defendant and entered judgment against plaintiff for costs, from which plaintiff duly appealed.

The controversy arises out of a dispute in respect to the legality of a certain ordinance, found recorded in the book of ordinances of said city, by which it appears the salary of the marshal was fixed at fifty dollars per month. The ordinances of the city were revised in 1898. In the revised ordinances the salary of the marshal is fixed at forty dollars per month. The ordinance purporting to raise the salary to fifty dollars per month is marked as passed March 28, 1899, to take effect April 10, 1899. The journal or minutes of the meeting of the city council on March 28, 1899, do not show that the ordinance was passed at that meeting, or that it was read, in fact, does not mention it, nor does the journal anywhere show the passage of the ordinance. On March 24, 1903, the city council undertook to pass an ordinance fixing the salary of the marshal at forty dollars per month. This ordinance purports to have been approved by the mayor March 25, 1903. The journal shows that the latter ordinance was read three times at the meeting of the city council on March 24, 1903, and that there were three votes in favor of its passage and one vote against it. Section 5767, chap. 91, art. 4, concerning cities of the third class, R. S. 1899, provides that cities of the third class must be divided "into not less than four wards, and two councilmen shall be elected from each of such wards," etc. Section 5832, same chapter and article, provides: "No ordinance shall be passed except by bill, and no bill shall become an ordinance unless on its final passage a majority of the members elected to the council shall vote therefor." The ordinance, therefore, did not receive the votes of a majority of the members elected, and failed to pass. In these circumstances, the learned

trial court correctly held that the ordinance fixing the salary of the marshal at forty dollars per month, as printed in the revised ordinances, was in full force and effect, and on this finding properly rendered judgment for defendant, as plaintiff had received his full salary as fixed by the revised ordinances. The contention of plaintiff is not that there was a valid ordinance fixing his salary at fifty dollars per month, but that the city is estopped by the action of the city council in auditing his salary at fifty dollars per month, and for the reason he claimed and believed he was entitled to it. A city councilman like a city marshal is a public official. His duties are defined by law. He is not the general or private agent of the city, and the councilmen could only bind the city by such contracts as they were by law authorized to make, and since the right of any public officer to compensation can only exist by law, the city council was powerless to bind the city in any manner to pay a compensation to the marshal not fixed by a valid ordinance. [Givens v. Daviess County, 107 Mo. 603, 17 S. W. 998.] In justification, or rather in palliation, of the action of the city councilmen in auditing plaintiff's salary at fifty dollars per month, it should be noted that they acted upon the erroneous assumption that the ordinance they found recorded in the book of ordinances, as having been adopted March 28, 1899, was a valid ordinance, and did not discover their error until about the time plaintiff went out of office.

The judgment is affirmed. All concur.