James L. ROBINSON, Jr., et al., Plaintiffs–Appellants–Respondents,

v.

CITY OF RAYTOWN, Missouri, et al., Defendants–Respondents–Appellants.

Nos. WD 30856, WD 30862.

Missouri Court of Appeals, Western District.

Oct. 1, 1980.

J. H. Greene, Jr., Raytown, Ronald C. Gladney, Bartley, Goffstein, Bollato & Lange, St. Louis, for appellants–respondents, James L. Robinson, Jr. et al.

Joseph E. Stevens, Jr., Harlan D. Burkhead, Thomas S. Stewart, Kansas City, (La-

throp, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, of counsel), for respondents City of Raytown, et al.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Cross–appeals presenting a broad array of issues arise from a four–count petition filed by plaintiffs in the Circuit Court of Jackson County, Missouri, against the City of Raytown, Missouri (a city of the fourth class), its mayor, and board of aldermen as defendants.

An overview of the pleadings and the order and judgment of the trial court which prompted the cross–appeals is first in order. Plaintiffs' petition centered on the validity of an· ordinance passed by the Board of Aldermen of the City of Raytown rezoning certain property, including two lots owned by plaintiffs. Although all four counts were principally premised on asserted federal grounds under 42 U.S.C. § 1983 (commonly known as the Civil Rights Act of 1871)[1], violations of certain state laws and state constitutional provisions were also pleaded. Count I sought a judgment declaring the zoning ordinance "void and unenforceable" and enjoining its enforcement; Count II sought actual damages purportedly sustained by plaintiffs under § 1983, *supra*; Count III sought punitive damages purportedly sustained by plaintiffs under § 1983, *supra*; and Count IV sought an allowance of attorney's fees under 42 U.S.C. § 1988 (commonly known as the Federal Civil Rights Attorney's Fees Awards Act)[2]. Defendants collectively filed a motion to dismiss Counts II, III and IV of plaintiffs'

petition for failure to state a claim or cause of action. The trial court sustained defendants' motion to dismiss Counts II, III and IV without explicating any reasons for doing so, and plaintiffs appealed. Count I of plaintiffs' petition proceeded to trial and the ordinance was declared invalid on non–§ 1983 grounds. However, no injunctive relief was granted. Defendants appealed from the declaratory judgment rendered on Count I, but plaintiffs did not appeal from the trial court's failure to grant them injunctive relief.

The cross–appeals initially bring into focus the averments contained in Count I of plaintiffs' petition all of which were incorporated by reference in Counts II, III and IV with additional allegations, respectively, as to actual and punitive damages and attorney's fees. Plaintiffs' petition, covering sixteen pages of the transcript, is a conglomeration of § 1983 and non–§ 1983 grounds and evokes endless variations of a limited number of fundamental propositions. Pared to essentials and substantially paraphrased, plaintiffs pleaded that they were the owners of Lots Thirty–four (34) and Thirty–five (35), HODGE'S GARDENS, a subdivision in Raytown, Jackson County, Missouri; that plaintiffs' property, pursuant to the comprehensive zoning ordinances of defendant city, was zoned District R–3 (Residential, Low Rise, Multi–Family); that in 1977 an application was filed with the Raytown Planning and Zoning Commission to rezone certain property, including that owned by plaintiffs, from District R–3 (Residential, Low Rise, Multi–Family) to District R–1 (Residential, Single–Family); that plaintiffs filed a protest against the

---

1. "§ 1983. *Civil action for deprivation of rights*
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the

District of Columbia shall be considered to be a statute of the District of Columbia."

2. Section 1988 of Title 42 of the United States Code, as amended by the Civil Rights Attorney's Fees Awards Act, provides, in pertinent part, as follows: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

rezoning application pursuant to Section 89.060, RSMo 1969, and certain provisions of the general zoning ordinances of defendant city; that following a public hearing the Raytown Planning and Zoning Commission rejected said rezoning application and passed a unanimous resolution that same be "disapproved"; that defendant aldermen on December 20, 1977, without giving notice to the plaintiffs or holding a public hearing, enacted Ordinance No. 1654–78 rezoning the property in question, including that owned by plaintiffs, from District R–3 (Residential, Low Rise, Multi–Family) to District R–1 (Residential, Single–Family); that seven (7) of the ten (10) members of the board of aldermen voted in favor of the enactment of Ordinance No. 1654–78, two (2) aldermen voted against its enactment, and one (1) alderman abstained from voting, and therefore Ordinance No. 1654–78 amending the general zoning ordinance of defendant city was invalid because it failed to receive a favorable vote of three–fourths of the members of the board of aldermen as required by Section 89.060, RSMo 1969; that defendant mayor on December 30, 1977, vetoed Ordinance No. 1654–78, and an attempt by defendant mayor thereafter to withdraw said veto was unsuccessful "because it was not done in compliance with applicable law"; that although defendant aldermen did not override defendant mayor's veto of Ordinance No. 1654–78 in compliance with the requirements of Section 79.140, RSMo 1969, they professedly deemed it duly enacted; that the enactment of Ordinance No. 1654–78 by defendant aldermen prevented plaintiffs from proceeding with plans to construct an apartment building on their property; that the enactment of Ordinance No. 1654–78 by defendant aldermen violated Sections 89.050 and 89.060, RSMo 1969, by failing to give published notice and hold a public hearing prior to its enactment; that the enactment of Ordinance No. 1654–78 by defendant aldermen, absent published notice and public hearing, constituted a deprivation of plaintiffs' constitutional right of procedural due process under the Fourteenth Amendment of the Constitution of the United States; that the enactment of Ordinance No. 1654–78 by defendant aldermen constituted a taking of plaintiffs' property without just compensation in violation of Article I, Sec. 26, Constitution of Missouri; that the enactment of Ordinance No. 1654–78 by defendant aldermen deprived plaintiffs of equal protection of the laws in violation of Article I, Sec. 2, Constitution of Missouri and the Fourteenth Amendment of the Constitution of the United States; and "that unless restrained, the Defendant City of Raytown, Missouri, *will enforce and act* upon the aforesaid Ordinance" and "Plaintiffs *will be* prevented" from erecting an apartment building upon their property. (Emphasis added.) Plaintiffs, in Count I of their petition, prayed for judgment declaring Ordinance No. 1654–78 "void and unenforceable" and that defendants be enjoined from "attempting to enforce said Ordinance."

■ The trial court entered judgment on Count I of plaintiffs' petition declaring (1) that defendant aldermen enacted Ordinance No. 1654–78 on December 20, 1977, (2) that defendant mayor thereafter on December 30, 1977, vetoed Ordinance No. 1654–78, (3) that defendant mayor's attempt to withdraw his veto of Ordinance No. 1654–78 was ineffectual and of no force or effect, (4) that defendant aldermen did not override defendant mayor's veto of Ordinance No. 1654–78 in compliance with Section 79.140, RSMo 1969, and (5) that plaintiffs' property "remains District R–3 (Residential, Low Rise, Multi-Family)." The judgment of the trial court was devoid of any findings of fact or conclusions of law regarding the deprivation of any rights secured to plaintiffs under the Constitution of the United States as pleaded by them in support of their claim for declaratory relief under 42 U.S.C. § 1983.

All issues tendered by defendants (as appellants) on appeal have become moot by reason of the fact that counsel for defendants, during oral argument on appeal, admitted, and properly so, that Ordinance No. 1654–78 was void and unenforceable because it did not receive "a favorable vote of three–fourths" of all the members of the

board of aldermen. A brief explanation of what prompted the admission is appropriate. Under Section 89.060, RSMo 1969 (now Section 89.060, RSMo 1978), when a protest is filed, an amendment to an existing zoning ordinance "shall not become effective except by a favorable vote of three–fourths of all the members of the legislative body of such municipality." The Board of Aldermen of the City of Raytown was composed of ten members. Seven aldermen voted in favor of Ordinance No. 1654–78, two aldermen voted against it, and one alderman abstained from voting. *State ex rel. Stewart v. King,* 562 S.W.2d 704 (Mo. App.1978), in construing Section 89.060, *supra,* held that an abstention could not be counted as a "favorable" vote. Therefore, Ordinance No. 1654–78 did not receive "a favorable vote of three–fourths" of all the members of the board of aldermen as required by Section 89.060, *supra,* and for that reason was never validly enacted. The declaratory judgment rendered by the trial court on Count I of plaintiffs' petition is affirmed.

Plaintiffs' appeal from the order of the trial court dismissing Counts II, III and IV of their petition for failure to state a claim or cause of action injects this court into a field of law infrequently encountered at the state court level–declaratory and injunctive relief and damages premised on 42 U.S.C. § 1983 and allowance of attorney's fees under 42 U.S.C. § 1988–since the vast majority of such cases are brought at the federal court level. Although actions brought under 42 U.S.C. § 1983 are unique in this sense at the state court level, the Supreme Court of Missouri judicially recognizes that the courts of this state are vested with concurrent jurisdiction in § 1983 actions. *Stafford v. Muster,* 582 S.W.2d 670 (Mo. banc 1979); and *Shapiro v. Columbia Un. Nat. Bk. & Tr. Co.,* 576 S.W.2d 310 (Mo. banc 1978), *cert. denied* 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979). Regarding the allowance of attorney's fees under 42 U.S.C. § 1988, *Young v. Toia,* 66 A.D.2d 377, 413 N.Y.S.2d 530 (1979), holds that 42 U.S.C. § 1988 is applicable to actions brought in state courts pursuant to 42 U.S.C. § 1983.

Inasmuch as the statuses of defendant city, defendant mayor, and defendant aldermen are different, Counts II, III and IV of plaintiffs' petition must be considered in three different contexts in order to determine whether they state § 1983 claims or causes of action against any or all of the distinct categories of defendants. Moreover, Section 1983 of Title 42 of the United States Code has been such a prolific source of litigation that this approach is unavoidable in order to determine which of a plethora of legal principles, established in a broad spectrum of federal cases, is applicable in each particular instance. Resolution of whether plaintiffs were entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988 involves plaintiffs' contention that the pendent constitutional claims asserted as grounds for declaratory relief, if resolved in their favor, would, standing alone, entitle them to an award of attorney's fees. Concomitantly, the § 1983 grounds pleaded but undisposed of by the declaratory judgment on Count I of plaintiffs' petition, conjoined with plaintiffs' prayer for an allowance of attorney's fees against all three categories of defendants pursuant to 42 U.S.C. § 1988, make it impossible to divorce Count I of plaintiffs' petition from the ensuing determination of whether plaintiffs were entitled to recover attorney's fees against some or all of said defendants.

■ Did Count II or Count III of plaintiffs' petition state a claim or cause of action for damages under 42 U.S.C. § 1983 against defendant city? By way of reiteration, plaintiffs, according to their petition, pleaded that the enactment of Ordinance No. 1654–78 by defendant aldermen without notice and a public hearing constituted a deprivation of procedural due process and equal protection in violation of the Fourteenth Amendment of the Constitution of the United States. It is equally important to point out that plaintiffs did not plead or aver that defendant city undertook any action to implement or enforce Ordinance No. 1654–78, or that the manner in which it was passed followed a customary pattern re-

flecting an official policy of defendant city. This postural aspect of plaintiffs' petition cannot be overemphasized. Unfortunately, the parties on appeal, by positing defendant city's accountability solely in terms of the absence or existence of "qualified immunity"[3], have inadvertently obscured certain threshold considerations inextricably involved in determining whether a § 1983 claim or cause of action for damages was stated against defendant city. Their protracted arguments and citation of cases in support thereof completely miss the mark. The significance of plaintiffs' failure to plead either that defendant city took steps to implement or execute Ordinance No. 1654–78 after its enactment or that the manner in which it was passed followed a customary pattern reflecting an official policy of defendant city, vis–a–vis determination of whether either Count II or III of plaintiffs' petition stated a § 1983 claim or cause of action for damages against defendant city, is brought into sharp focus by emphasis on the requirement of a nexus between conduct and official policy in *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978): "Our analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies. Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. at 690, 98 S.Ct. at 2035. "On the other hand, the language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Id. 436 U.S. at 691, 98

S.Ct. at 2036. "We conclude therefore that a local government may not be sued for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. 436 U.S. at 694, 98 S.Ct. at 2038. As elucidated in *Smith v. Ambrogio*, 456 F.Supp. 1130, 1134 (D.C.D.Conn. 1978), "*Monell* makes clear that conduct is the action of a town when the conduct executes or implements official policy of the town ... [which] policy can be found in an ordinance ... the town is liable for any deprivation of constitutional right caused by conduct pursuant to that policy." In *Ambrogio*, a complaint under § 1983 was dismissed against a town named as a co–defendant for failure to state a claim or cause of action because plaintiff did not plead the establishment of any unconstitutional official policy condoning or commanding the complained of conduct of certain officers also named as defendants. See generally: *State of Mo. ex rel. Gore v. Wochner*, 475 F.Supp. 274, 282 (D.C.E.D.Mo.1979); and *Vasquez v. City of Reno*, 461 F.Supp. 1098, 1100 (D.C.D.Nev.1978). Although the instant plaintiffs may have been apprehensive that defendant city *might* or *would* take steps to enforce Ordinance No. 1654–78, the fact remains that they did not plead that defendant city engaged in any conduct or took any steps to enforce Ordinance No. 1654–78, or that the manner in which it was passed followed a customary pattern reflecting an official policy of defendant city. Absent such averments, Count II and Count III of plaintiffs' petition failed to state a § 1983 claim or cause of action for damages against defendant city. *Monell v. Dept. of Soc. Serv. of City of N.Y., supra*; and *Smith v. Ambrogio, supra.*

■ Having concluded that neither Count II nor Count III stated a § 1983

---

**3.** These counterproductive arguments have been laid to rest by *Owen v. City of Independence, Missouri,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), holding that municipalities have no immunity, qualified or otherwise, in actions cognizable under § 1983.

claim or cause of action for damages against defendant city, it follows that the doctrinal principles relied upon for doing so likewise dictate that Count I of plaintiffs' petition failed to state any § 1983 grounds for declaratory relief against defendant city. A syllogistic approach compels the immediate conclusion that in the frame of reference of plaintiffs–defendant city, the plaintiffs could not rise to the status of "prevailing" parties under 42 U.S.C. § 1988 regarding any of the various counts of their petition. Necessarily, plaintiffs were not entitled under Count IV of their petition to an award of attorney's fees against defendant city.

■ Did Count II or Count III of plaintiffs' petition state a claim or cause of action for damages under 42 U.S.C. § 1983 against defendant mayor? Plaintiffs, according to their petition, pleaded that defendant mayor vetoed Ordinance No. 1654–78, and certain conduct on his part indicative of an attempt to withdraw his veto was incomplete and legally ineffectual. Parenthetically, plaintiffs' averment re defendant mayor was confirmed by the declaratory judgment rendered by the trial court on Count I of their petition, i. e. defendant mayor vetoed Ordinance No. 1654–78 and did not legally withdraw said veto. The tenor of the averment directed toward defendant mayor in plaintiffs' petition is the antithesis of a charge that he engaged in conduct which culminated in a deprivation of procedural due process and equal protection guaranteed to plaintiffs by the Fourteenth Amendment of the Constitution of the United States. Notice is taken that plaintiffs did not plead or aver that defendant mayor undertook to enforce Ordinance No. 1654–78. The nature of the averment directed toward defendant mayor and the lack of any averment charging him with conduct which deprived plaintiffs of any "rights, privileges or immunities" secured by the Constitution of the United States combine to sustain the conclusion that neither Count II nor Count III of plaintiffs' petition stated a claim or cause of action under 42 U.S.C. § 1983 against defendant mayor.

■ Having concluded that neither Count II nor Count III stated a § 1983 claim or cause of action for damages against defendant mayor, the rationale for doing so likewise dictates that Count I of plaintiffs' petition failed to state any § 1983 grounds for declaratory relief against defendant mayor. Again, reliance upon a syllogistic approach leads to the companion conclusion that in the frame of reference of plaintiffs–defendant mayor, the plaintiffs could not rise to the status of "prevailing" parties under 42 U.S.C. § 1988 regarding any of the various counts of their petition. Consistent with the prior holding herein that plaintiffs were not entitled to an award of attorney's fees against defendant city under 42 U.S.C. § 1988, plaintiffs, correspondingly, were not entitled under Count IV of their petition to an award of attorney's fees against defendant mayor.

■ Did Count II or Count III of plaintiffs' petition state a claim or cause of action for damages against defendant aldermen under 42 U.S.C. § 1983? At the outset, cognizance is taken that plaintiffs pleaded that defendant aldermen enacted Ordinance No. 1654–78 without giving notice to plaintiffs or holding a public hearing, thereby depriving plaintiffs of their federal constitutional rights of procedural due process and equal protection under the Fourteenth Amendment of the Constitution of the United States. In enacting Ordinance No. 1654–78 defendant aldermen were acting in their official legislative capacity.[4] This raises a decisive question. Were defendant aldermen in their official legislative capacity cloaked with unqualified im-

---

4. Enactment of zoning ordinances is ordinarily a legislative function. See, e. g. *Village of Belle Terre v. Boraas*, 416 U.S. 1, 4, 9, 94 S.Ct. 1536, 1538, 1541, 39 L.Ed.2d 797 (1974). More particularly, the enactment of rezoning ordinances has been held to be a legislative function. *Ge-* *neva Inv. Co. v. City of St. Louis, Mo.*, 87 F.2d 83 (8th Cir. 1937); *Shellburne, Inc. v. Newcastle County*, 293 F.Supp. 237 (D.C.Del.1968); *Strandberg v. Kansas City*, 415 S.W.2d 737 (Mo. banc 1967); and *Allen v. Coffel*, 488 S.W.2d 671 (Mo.App.1972).

munity regarding plaintiffs' claims for actual and punitive damages predicated on § 1983 grounds?

A foundation for extending absolute legislative immunity of § 1983 actions to municipal legislators was laid by the Supreme Court of the United States in *Tenney v. Brandhove*, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951) [absolute immunity for state legislators in § 1983 damage claims] and in *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979) [absolute immunity for members of state–created regional land planning agency acting in a legislative capacity]. Drawing upon the legal rationale spelled out by the Supreme Court of the United States in *Tenney v. Broadhove, supra,* and *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, supra,* the United States Court of Appeals for the Eighth Circuit recently held in *Gorman Towers, Inc. et al. v. Bogoslavsky et al.,* 626 F.2d 607 (1980), that municipal legislators also have "absolute" immunity from liability for damages under 42 U.S.C. § 1983 while acting in their official legislative capacity. Plaintiffs do not contend that defendant aldermen were acting in a capacity other than their official legislative capacity when they enacted Ordinance No. 1654–78. *Gorman Towers, Inc. et al. v. Bogoslavsky, supra,* also holds that absolute legislative immunity defeats a § 1983 damage action at the pleading stage if it appears the conduct complained of is within the scope of the immunity. In summation, neither Count II nor Count III of plaintiffs' petition stated a § 1983 claim for damages against defendant aldermen because the unconstitutional conduct attributed to them in connection with the passage of Ordinance No. 1654–78 fell within the perimeter of absolute legislative immunity. *Tenney v. Broadhove, supra; Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, supra*; and *Gorman Towers, Inc. et al. v. Bogoslavsky, et al., supra.*

■ Under § 1988 were plaintiffs entitled to recover attorney's fees against defendant aldermen as prayed for in Count IV irrespective of whether Counts II and III of their petition stated § 1983 claims for damages against defendant aldermen? By reference, the declaratory judgment (Count I) rendered by the trial court was decided solely on non–§ 1983 grounds and neither mentioned nor resolved the § 1983 grounds also pleaded as a basis for the relief sought. Plaintiffs contend that the pendent constitutional claims leveled at defendant aldermen and asserted as grounds for declaratory relief, if resolved in their favor, would entitle them to recover attorney's fees pursuant to § 1988 against defendant aldermen in their official capacity whether or not defendant aldermen were immune for liability for damages under § 1983. Plaintiffs take the position that for this reason alone the trial court erred in dismissing Count IV of their petition as to defendant aldermen. Doing so suggests that plaintiffs, albeit unwittingly, refuse to acknowledge the absolute and pervasive nature of the immunity enjoyed by defendant aldermen. The Supreme Court of the United States recently held in *Supreme Court of Va. v. Consumers Union*, 446 U.S. 719, 731–734, 100 S.Ct. 1967, 1974–75, 64 L.Ed.2d 641, 653–54 (1980), regarding certain conduct of the Supreme Court of Virginia while acting in a legislative capacity as opposed to a judicial capacity, that legislative immunity was equally applicable to § 1983 actions seeking declaratory or injunctive relief. The Supreme Court of the United States went on to hold in *Consumers Union,* 100 S.Ct. at 1978, that "there is no indication that Congress intended to permit an award of attorney's fees [pursuant to 42 USC § 1988] to be premised on acts that themselves would be insulated from even prospective relief [and] [b]ecause the Virginia Court is immune from suit with respect to its legislative functions, it runs counter to that immunity for a district court's discretion in allowing fees to be guided by considerations centering on the exercise or nonexercise of the state court's legislative powers." *Supreme Court of Va. v. Consumers Union, supra,* closes the door to plaintiffs' contention on appeal that the trial court erred in dismissing Count IV of their petition as to defendant aldermen.

The judgment on Count I of plaintiffs' petition and the order dismissing Counts II, III, and IV of plaintiffs' petition are affirmed.

All concur.