STATE of Missouri, ex rel., CASEY'S GENERAL STORES, INC., and Cleo Kuhns, Plaintiffs-Appellants,

v.

CITY OF LOUISIANA, et. al., Defendants-Respondents.

No. 51618.

Missouri Court of Appeals, Eastern District, Division Three.

June 30, 1987.

Motion for Rehearing and/or Transfer Denied July 30, 1987.

Application to Transfer Denied Sept. 15, 1987.

---

E. Rex Bradley, Mary C. McWilliams, Asst. Public Defender, Louisiana, for plaintiffs-appellants.

Evans & Dixon, Gerre S. Langton, St. Louis, for defendants-respondents.

PUDLOWSKI, Presiding Judge.

Appellants herein, plaintiffs below, are Casey's General Stores, Incorporated, hereinafter Casey's, and Cleo Kuhns, Casey's District Manager for the area that included the City of Louisiana, Missouri. The respondents, defendants below, are the City of Louisiana, Missouri, Phillip Smith, the city's attorney, Shelby Ward, former city marshall, Jane Ray, city clerk, Junior Clark, the city's mayor, Ray Geeson, build-

ing inspector, city council members Gene Robinson, Priscilla Giltner, Lona Wallace, Robert Ince, James Criley, Robert Fritz, James Smith, and R.D. Hamlett, and Board of Adjustment Members David Robinson, George Collier, McCune Dudley, August Artus, and Porter Elliott. This appeal stems from the trial court's dismissal of Counts I, VIII and IX of appellants' second amended petition, and its ruling, after a trial to the court, for respondents on counts two, three, four, six and seven.

The dispute stems from the enactment of a zoning ordinance for the City of Louisiana which declared the site where Casey's intended to build a new convenience store to be part of a residential area. At the time the ordinance was passed, May 2, 1983, Casey's had already bought the lot on which the store was to be placed and was in the process of obtaining the necessary licenses. Prior to May of 1983, there had been no zoning ordinance in effect in the City of Louisiana.

On September 29, 1983, Casey's, through its agent Leo Cole, made a request for a variance. The Board of Adjustment, appointed after enactment of the ordinance, held a hearing on November 15, 1983 on the request. No sworn testimony was taken and the hearing was not recorded. After the hearing, the variance was denied and appellants then filed their initial petition in this action. The thrust of the second amended petition embodied a theory of equitable estoppel but the petition also pled the legal invalidity of the ordinance.

Count I sought a writ of certiorari directed to the Board of Adjustment to reverse the Board of Adjustment and order the granting of the variance. Count I also sought an award of $5,825 to cover Casey's costs to that point. Counts VIII and IX, which like Count I were dismissed with prejudice, alleged that the mayor, Junior Clark, the city attorney Phillip G. Smith, the city marshall, Shelby Ward, the city clerk, Jane Ray, and city council members Gene D. Robinson, Priscilla Giltner, Lona Wallace, Robert D. Ince, James Criley, James Smith and R.D. Hamlett had discriminated against appellant Casey's and

violated its right to equal protection (Count VIII), and had committed a prima facie tort against it (Count IX). Casey's again prayed for its attorney's fees and costs and in both counts requested punitive damages in the amount of $50,000. All three counts were brought in the name of appellant Casey's alone.

Count II incorporated by reference all the allegations of Count I and sought permanent injunctive relief preventing the city from enforcing the zoning ordinance as it affected Casey's. Casey's also sought a mandatory injunction under Count II requiring the city to issue a building permit and a liquor license for the proposed store.

Counts III through VII were mandamus counts directed at various city officials, each count again incorporating by reference the allegations made in Count I. Count III was against the Board of Adjustment and sought a peremptory writ requiring the granting of a variance. Count IV was directed to the issuance of a building permit by the city clerk, Jane Ray. Count V, the only count in which appellant Cleo Kuhns was the plaintiff, was brought against Mayor Clark, City Attorney Smith, Marshall Ward, and City Clerk Ray. The prayer was for an order mandating the approval and issuance of a liquor license to Kuhns who had first applied for a liquor license on March 24, 1983.

The license was initially issued by the city clerk, Jane Ray, but was then rescinded because the mayor and the other named city officials refused to approve the license. The reason given at that time, prior to passage of the zoning ordinance, was that liquor licenses could only be issued, by law, to residents, and Kuhns was not a resident. In Count V, Kuhns alleged that he was then a resident of Louisiana; and that he had submitted an amended application for the license, April 19, 1983, with an affidavit demonstrating residency. The trial court ruled in favor of appellant Kuhns, on this count; and since it was the only count in which he, as opposed to Casey's, was the plaintiff, he is not an aggrieved party. Appellant Kuhns appeal is therefore dismissed.

Count VI was directed to the city street commissioner, Pete Johnson. It alleged that an excavation permit would be needed, but that based on the city's past actions, it would be refused arbitrarily and capriciously. The prayer was for an order mandating the issuance of the permit.

Count VII sought an order mandating that the city clerk, Jane Ray, issue a business license "upon Relator Casey's application for the same."

We first note with regard to counts VI and VII that the permits involved had never been applied for and refused. Therefore, the request for relief on those two counts was premature and the courts ruling on those counts is not appealed from.

There was no request for findings of fact and conclusions of law from the trial court and none was filed. In its order, the court stated only with regard to each count that it found the factual issues in favor of defendants-respondents.

On appeal, Casey's alleges first that the trial court erred in dismissing its petition for certiorari to review the decision of the Board of Adjustment. Secondly, Casey's asserts the trial court erred in denying all equitable remedies relative to the "unlawful enactment of the Louisiana zoning ordinance." In its third point on appeal, Casey's alleges several specific reasons why the ordinance was not legally enacted and is void.

■ Casey's first asserts that public hearings and notices thereof were not adequate or in conformity with Sections 89.050 and 89.360 RSMo 1986. Casey's then asserts that in contravention of the requirements of Section 89.070 RSMo 1986, legislative action on the ordinance was taken without submission of a final report of the zoning commission. Casey's also notes that the ordinance does not specifically require that, pursuant to Section 89.080 RSMo 1986, all members of the Board of Adjustment be freeholders. Casey's final assertion under Point III involves the fact that no record was made of the vote of each of the council members pursuant to Section 77.080 RSMo 1986; and that the hearing on the nunc pro tunc motion which

was granted allowing the amendment of the city council minutes to reflect the vote was held without the requisite notice. The record, however, reflects that notice was given on November 1, 1985 by mail of a November 18 hearing on motion. We find no error in the granting of the motion.

In its fourth point on appeal, Casey's argues that the trial court erred in failing to order the issuance of a building permit. Casey's fifth point alleges error in the trial court's failure to find a violation of its equal protection rights. Casey's sixth point asserts that the trial court erred in failing to find in favor of Casey's and in failing to award damages on Casey's prima facie tort claim. In point seven, Casey's alleges reversible error in the trial court's exclusion of cassette tapes, purportedly recordings of two city counsel meetings, which Casey's contends were admissible as business records. Points eight and nine relate to the trial court's allegedly erroneous failure to admit evidence concerning Casey's legal fees and costs, respectively; and to award attorney's fees and costs.

The first four points on appeal can be resolved by an examination of the validity of the zoning ordinance. If the ordinance was invalid, then the trial court's failure to grant a writ of certiorari to consider the Louisiana Board of Adjustments denial of a variance is moot. Likewise, if the ordinance is void, as asserted in Casey's second point, then equitable relief was called for.

We note that respondents assert the issue of whether the ordinance was validly enacted was not before the court because the invalidity of the ordinance was, according to respondents, never pled. Respondents objected on that basis at trial when plaintiffs, Casey's and Kuhns, sought to introduce evidence on the issue of the ordinance's validity. The trial court overruled the objection, and we agree that it has no merit.

Paragraph 22 of Plaintiffs' Seconded Amended Petition states:

That on May 2, 1983, the City of Louisiana unlawfully enacted Ordinance Number 6266, entitled Ordinance Estab-

lishing Zoning Regulations in Districts within and for the City of Louisiana, Missouri, and providing penalties for violations; that said ordinance does not conform to the requirements of Revised Statutes of Missouri 77.080, *and is not validly enacted;* and further is void for vagueness in that said ordinance does not adequately describe the various zoned areas nor does the same adequately incorporate any zoning map, making the zoning districts and boundaries indefinitely described in Article 3 of said ordinance and therefore, *the ordinance is unenforceable.*

Emphasis added.

█ That paragraph specifically mentions only Section 77.080 RSMo 1986, the statute dealing with the prerequisites for enactment of valid ordinances in general. We hold, however, that the remainder of the paragraph was more than sufficient to plead the issue of invalid enactment under the statutes specifically addressing the enactment of zoning ordinances.[1] We also hold that the ordinance was invalidly enacted.

█ Municipalities derive their authority to establish land use regulations through the state's police power delegated through enabling statutes. *McCarty v. City of Kansas City,* 671 S.W.2d 790, 793 (Mo.App.1984). Where the enabling statutes are not complied with, the ordinance passed is invalidly enacted and cannot be enforced. *State ex rel. Holiday Park, Inc. v. City of Columbia,* 479 S.W.2d 422, 423, 425 (Mo.1972); *O'Dwyer v. Monett,* 123 Mo.App. 184, 100 S.W. 670 (1907).

█ The most obvious reason for the invalidity of the Louisiana zoning ordinance is the city's failure to comply with Section 89.050 which states in pertinent part:

no such [zoning] regulation, restriction or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. *At least fifteen days' notice* of the time and place of such hearing shall be published in an official paper or a paper of general circulation in such municipality.

Emphasis added.

On April 14, 1983, a notice of public hearings on the proposed ordinance was published in the local newspaper, the *Louisiana Press-Journal.* The hearings were held on April 20, and 28, 1983. Thus neither hearing was held with the mandatory fifteen days notice.

Section 89.070 states:

In order to avail itself of the powers conferred by Sections 89.010 to 89.140 [the power to impose land use restrictions], such legislative body shall appoint a commission to be known as 'The Zoning Commission,' to recommend the boundaries of various original districts.... Such commission shall make a preliminary report and hold public hearings thereon before submitting its final report *and such legislative body shall not hold its public hearings or take action until it has received the final report* of such commission....

Emphasis again added.

█ In the case *sub judice* a zoning commission was appointed and made a preliminary report. The only two hearings, the April 20, and 28, 1983 hearings, however, were held jointly by the zoning commission and the city counsel in contravention of the statute. There is also nothing in the record indicating that the zoning commission ever made a final report to the council which was a requisite for the taking of a vote on the ordinance.

█ Section 89.360 requires that a copy of the plan "be recorded in the office of the county recorder of deeds." Here, the ordinance was recorded, but the plan was not. The ordinance simply stated:

---

**1.** We have also examined respondents' assertion that Casey's cannot challenge the validity of the zoning ordinance in the action at bar, but was required to proceed under Section 89.110 RSMo 1986 to obtain a writ of certiorari; and we hold that this assertion has no merit. Section 89.110

was enacted to address challenges to actions of boards of adjustment or any other entities taking action with respect to applying a *valid ordinance. See, State ex rel. Croy v. City of Raytown,* 289 S.W.2d 153 (Mo.App.1956).

"The zoning district map which is incorporated into this ordinance, establishes the boundaries of the areas covered by the districts listed in paragraph a of this section." Thus, the ordinance was a nullity.[2]

■ Casey's contends that it was therefore entitled to mandamus relief in the form of an order requiring the issuance of a building permit. It also argues that respondents are equitably estopped from denying the permit. City Clerk Ray testified that prior to the denial of Casey's building permit application, no application had ever been denied. We note, however, that mandamus relief is designed to enforce an unconditional legal right and not to adjudicate the existence of such a right. *See, State ex rel. Power Process Piping, Inc. v. Dalton,* 681 S.W.2d 514 (Mo.App. 1984). The fact that no valid zoning ordinance exists in the City of Louisiana does not in and of itself mean that the city could never refuse to issue a building permit or that a right to such a permit unequivocally exists.

■ We, however, agree with Casey's that this case is analogous to *State ex rel. Great Lakes Pipe Line Company v. Hendrickson,* 393 S.W.2d 481 (Mo.1965) in which, prior to enactment of a *valid zoning* ordinance, Great Lakes had acquired a site for a pumping station and had expended substantial sums building and preparing to build on the site. There, the court ordered the granting of the building permit. Here, certainly, nothing had been built on the site and Casey's failed to demonstrate as substantial a type of preparatory expenses as those in Hendrikson. The principle of pre-existing non-conforming use, relied on in *Hendrikson,* however, is based on a concept similar to the equitable estoppel argued for here; and here we have evidence that city officials were consulted early and were reassuring that nothing would prevent the operation of the store on any property acquired. We therefore find that the trial court erred in failing to hold the city equitably estopped from denying issuance of the building permit.

■ We next address Casey's claim that it was entitled to damages for violation of its right to equal protection, as alleged in Count VIII and for prima facie tort, as alleged in Count IX. We first note the mutually exclusive nature of the two claims since they are against the same defendant-respondent and involve the same alleged misconduct, i.e. passing the zoning ordinance. The only acts of misconduct alleged in one count, but not the other, were the rescission of the liquor license issued to Kuhns and the denial of a building permit. These were alleged in Count VIII. No added assertion of misconduct is found in Count IX. Where a cause of action sounding in tort exists apart from the prima facie tort doctrine, the doctrine cannot be applied under Missouri law. *Stegeman v. First Missouri Bank of Gasconade County,* 722 S.W.2d 349, 352 (Mo. App.1987).

Both counts were dismissed after a trial on the merits. However, despite a notation by the trial court that it had found the factual issues against plaintiffs, the issue on a dismissal is the sufficiency of the pleadings to state a cause of action.

■ In regard to legislative acts, such as the passing of an ordinance, absent an allegation that those involved in the passage of the ordinance were not acting in their official capacities, there is absolute immunity. *See, Robinson v. City of Raytown,* 606 S.W.2d 460, 467 (Mo.App.1980). No allegation that the officials were not acting in their official capacities appears in Counts VIII and IX. Count IX was therefore properly dismissed. Count VIII, however, also alleges tort liability based on the rescission of the liquor license and the denial of a building permit. However, the petition contains no allegation that the laws of

---

**2.** With regard to Casey's assertion that the ordinance does not specifically require that board of adjustment members be freeholders, we note that the statute, Section 89.080 RSMo 1986, states that "[t]he board of adjustment shall consist of five members, *who shall be freeholders."* It does not require the ordinance itself to specify that they must be freeholders. We also note that this claim for invalidity was not made to the trial court and is not therefore properly before this court.

the City of Louisiana or the State of Missouri entitled it to receive the permits or that it was otherwise qualified to receive those permits. Count VIII was therefore inadequate to plead an equal protection claim.

Finally, the dismissals were made after the claims were tried and the trial court made the factual findings against Casey's. Therefore no prejudice can be shown from the dismissals.

Casey's next point relates to the trial court's refusal to admit into evidence cassette tapes marked exhibits 37 through 40, which purportedly contained recordings of two city counsel meetings. When evidence is denied admission, the offering party must make an offer of proof sufficient to show relevancy and materiality in order to preserve a claim of prejudice. *State v. McMikle*, 673 S.W.2d 791, 799 (Mo. App.1984); *State v. Dixon*, 655 S.W.2d 547, 556–558 (Mo.App.1983). No such offer of proof was made. Also, the tapes were excluded on the basis of an insufficient foundation having been laid. The city clerk, Jane Ray, testified that she had taped the meetings at issue; but she was unable to specifically identify the particular tapes and she could not be certain they had not been altered. We find no error in the exclusion of the tapes.

Casey's final two points on appeal involve the trial court's refusal to admit exhibits 27, 35 and 36, as well as certain testimony which was sought from Cleo Kuhns. Exhibit 27 was a record by the attorney for Casey's and Kuhns indicating his charges. The petition asserted a claim for attorney's fees only in Counts VIII and IX, on neither of which Casey's prevailed. Therefore, no prejudice has been demonstrated. Exhibits 35 and 36 were documentary evidence reflecting travel expenses. The testimony which was refused related to the same travel expenses related to establishment of the proposed store. Again, special damages consisting of travel expenses were pled only in Counts VIII and IX on which Casey's did not prevail. Therefore, the issue of damages was never reached, and there has been no showing of

prejudice. *See, Cornelius v. Gipe*, 625 S.W.2d 880 (Mo.App.1981). Casey's also failed to lay the proper foundation for the admission of the exhibits in that it never demonstrated that the travel expenses pled were incurred as a result of any actions taken by respondents. We also note that no ruling was ever obtained as to admissibility of exhibits 35 and 36 and that in the absence of such a ruling nothing is preserved for review.

Finally, we address respondents motion, which was taken with the case, to strike certain exhibits from the record on appeal, because they were never before the trial court. Except with regard to exhibit 27 this is correct. The motion is therefore granted with respect to exhibits 11, 15, 21B, 21C, 21D, 21E, 21F, 21I, 25, 26 and 31. Exhibits which were not properly before the trial court will not be looked to by this court. *See, Carondelet Savings and Loan Association v. Boyer*, 595 S.W.2d 744, 746 (Mo.App.1980). The motion is also granted with respect to exhibit 27, discussed above, on the basis that the exhibit is irrelevant to the issues on appeal.

The trial court's judgment is reversed with respect to its findings regarding the validity of the City of Louisiana zoning ordinance and its refusal of an order requiring the issuance of a building permit. The City of Louisiana is hereby ordered to issue the necessary building permit. The judgment is affirmed in all other respects.

CRANDALL and KAROHL, JJ, concur.