504 So.2d 654 (1987)
James H. REYNOLDS, Barbara Reynolds, Ole E. Ness, Mrs. Paul Peter Bozes, Richard J. Lind, Linda Schlumbrecht, Charles B. Eddy, Helma N. Pierce, Adele Gallo Foles, Adele Gallo
v.
James J. LICCARDI, Jr., as President of and the St. Bernard Parish Police Jury.
No. CA-6164.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
Rehearing Denied April 15, 1987.
Writ Denied June 12, 1987.
*655 John F. Rowley, Dist. Atty., William P. Schuler, Asst. Dist. Atty., Chalmette, for defendants-appellants.
George J. Dowd, Braithwaite, for plaintiffs-appellees.
Before CIACCIO, WILLIAMS and ARMSTRONG, JJ.
WILLIAMS, Judge.
On December 3, 1985, during its regular monthly meeting, the St. Bernard Police Jury voted to approve a zoning change to allow a trailer park to be put on a particular tract of land. Prior to the meeting the Parish Planning Commission had conducted a public hearing and issued a report on the proposed change to the Police Jury. The Planning Commission took no position on the matter.
At the Police Jury meeting the proposed change was considered. During the meeting the public was allowed to comment on the proposed change. The Police Jury discussed the change and voted 6 to 5 to adopt the proposal.
Plaintiffs filed suit to set aside the vote on the basis that under R.S. 33:140.55, a minimum of three-fifths majority vote is required to approve a zoning change. Plaintiffs later attempted to amend the petition to raise the issue that the meeting had not been advertised as required by R.S. 33:140.54 and R.S. 33:140.55. The court, however, would not allow the amendments. Defendants filed exceptions of no cause and no right of action, which the court maintained. Plaintiffs did not appeal and that decision is now final.
Plaintiffs filed the present action alleging that the action taken at the regularly scheduled December meeting constituted a public hearing for which there was lack of proper notice for the Parish Planning Commission hearing.
Prior to the court hearing on this matter the defendants filed exceptions of prescription, no cause of action, res judicata, and failure to join indispensible parties. The court overruled the exceptions and, after a hearing, issued a preliminary injunction. The court invalidated the ordinance which effected the zoning change. The defendants appeal.
We must decide whether the procedure followed prior to approval of the zoning change satisfied the requirements of R.S. 33:140.54 and R.S. 33:140.55.
Title 33 of the Louisiana Revised Statutes pertains to Municipalities and Parishes *656 Sections 140.51 through 140.61 include those statutes specific to zoning regulations in St. Bernard Parish. The statutes give the parish police jury the authority to control land use in the parish and to provide for amendment of regulations and restrictions when needed. Of particular importance to this case are the following sections:
§ 140.54 Public hearing
"...... No regulation of restriction shall become effective until after a public hearing at which parties in interest have an opportunity to be heard. A public hearing in regard to the regulations may be held by the governing authority of the parish. In such case notice of the time and place of the hearing shall be published at least once a week during three different weeks in the official journal of the parish, or if there be none, in a paper of general circulation therein. At least fifteen days shall elapse between the publication and the date of the hearing."
§ 140.55 Changes or amendments
...... The provisions of R.S. 33:140.54 relating to public hearing and official notice shall apply equally to all changes or amendments."
§ 140.56 Zoning commission:
recommendations:
public hearing
"...... The parish planning commission
....
shall be the zoning commission for the parish of St. Bernard.
Before making any recommendation to the police jury, the zoning commission shall hold a public hearing. Notice of time and place of each such hearing shall be published at least three times in the official journal of the parish, or if there be none, then in a paper of general circulation in the parish, and at least ten days shall elapse between the first publication and date of hearing. After the hearing has been held by the zoning commission, it shall make a report of its findings and recommendations to the police jury and the police jury shall not hold its public hearings or take any action until it has received the final report of the zoning commission."
The language of R.S. 33:140.55 makes the public hearing provisions of R.S. 33:140.54 applicable to amendments or zoning changes. Section 140.54, requires a public hearing prior to establishing or amending a zoning regulation. The statute does not require, however, that the public hearing be conducted by the governing authority of the parish, in this case the police jury. The statute states that the governing authority may hold a public hearing. The statute then outlines the notice required should that body determine that a public hearing is necessary. The statutory use of "may" makes action by the police jury permissive not mandatory.
Section 140.56 establishes that the parish planning commission is the zoning commission for St. Bernard Parish. This provision requires that the zoning commission conduct a public hearing prior to making any recommendations to the police jury. The provision establishes the notice requirements for the public hearing and prohibits any action by the police jury prior to the issuance of a report by the zoning commission.
In the case at bar, the zoning commission held a public hearing, advertised it and considered arguments on both sides of the issue. The zoning commission then issued a report to the police jury. This hearing satisfied the requirement that a public hearing be held before effecting a change or amendment. Each preliminary step was met as required by statute and proper notice was given.
After receiving the report the police jury had discretion to decide whether to hold another public hearing. The police jury could, but was not required, to conduct another "public hearing". In the exercise of its discretion the police jury decided not to conduct another public hearing, but to consider the proposed amendment at one of its regular monthly meetings. That decision does not manifest an abuse of discretion.
*657 The police jury's regular monthly meeting did not constitute a "public hearing" so as to precipitate the published notice requirements of R.S. 33:140.54. Failure to follow those requirements, therefore is not a basis for invalidating the police jury's considerations and approval of the zoning change. On the record before this court, we find no reason to consider improper the hearing procedures followed by the parish planning commission and the police jury.
Accordingly, we find that the trial court erred by issuing a preliminary injunction and invalidating the ordinance which effected the zoning change. We, therefore, dissolve the preliminary injunction and reinstate the ordinance as adopted by the parish police jury. All costs to be paid by plaintiffs-appellees.
REVERSED.