## MOORE, et ux, Appellants,

v.

## CITY OF PARKVILLE, et al., Respondents.

### No. WD 63692.

Missouri Court of Appeals, Western District.

Jan. 18, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 2005.

Gary K. Allen, Parkville, MO, for appellants.

Jack L. Campbell, Kansas City, MO, for respondent, City of Parkville.

James C. Bowers, Jr., Kansas City, MO, for respondent, Apex Management.

William P. Cronan, II, Rocheport, MO, for amicus curiae.

Before VICTOR C. HOWARD, P.J., ROBERT G. ULRICH and PATRICIA A. BRECKENRIDGE, JJ.

ROBERT G. ULRICH, Judge.

Appellants, a number of citizens of Parkville, appeal the summary judgment entered in favor of the City of Parkville and Apex Management Systems, Inc. in Appellants' suit for injunctive relief. Appellants' suit concerned the rezoning of certain property from Residential (R–1) to Planned Commercial (B–4). The issue presented is whether the City's notice of a hearing before the Parkville Planning and Zoning Commission (Planning Commission) was sufficient to meet the requirements of section 89.050[1] and due process. The judgment of the trial court is affirmed.

## Factual and Procedural History

Apex owns certain property within the city of Parkville. It filed an application to rezone the property from Residential (R–1) to Planned Commercial (B–4) and to approve the preliminary plan for the development of a plaza on the site called Apex Plaza. Notice of the Planning Commission hearing at which the application was to be discussed was published in the *Platte County Sun Gazette*. The notice appeared nineteen days before the January 14, 2003, scheduled public hearing. The City also mailed notice of the scheduled hearing via certified mail to property owners within 185 feet of the boundaries of the Apex property.

The Planning Commission met as advertised and discussed the Apex rezoning request and continued the matter to February 11, 2003, publicly announcing the continuance at the January hearing. The City again gave notice by certified mail of the February 11, 2003, hearing to all

---

1. Statutory references are to RSMo 2000 un- less otherwise indicated.

property owners within 185 feet of the boundaries of the Apex property.

The Planning Commission again met and discussed the issue at its February 11, 2003, scheduled meeting as advertised. Several interested property owners within the city limits testified against Apex's effort to rezone the property. At the conclusion of the hearing, the Planning Commission recommended that the Parkville Board of Aldermen deny the application.

The Board of Aldermen met on March 10, 2003, to consider Apex's application for rezoning and its preliminary plan for Apex Plaza and the Planning Commission's recommendation that it deny the request to rezone. The Board of Aldermen passed Ordinance No. 2062 rezoning the Apex property from Residential (R–1) to Planned Commercial (B–4) and approved the preliminary plan for the construction of Apex Plaza.

Appellants filed suit against the City and Apex on June 19, 2003, seeking injunctive relief. The City and Apex filed their joint motion to dismiss the petition and for summary judgment. The trial court granted the motion for summary judgment on December 8, 2003. Appellants appeal from the trial court's summary judgment.

### Standard of Review

Summary judgment is appropriate where no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. *Farmers' Elec. Co-op., Inc. v. Mo. Dep't of Corr.*, 977 S.W.2d 266, 269 (Mo. banc 1998)(citing *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993)); Rule 74.04(c). Because the trial court's judgment is founded on the record submitted and the law, the appellate court need not defer to the trial court's order granting summary judgment. *Farmers' Elec. Co-op.*, 977 S.W.2d at 269

(citing *ITT*, 854 S.W.2d at 376). Appellate review is de novo, and the criteria on appeal for testing the propriety of summary judgment are no different from those that should be employed by the trial court to determine the propriety of sustaining the motion initially. *Id.*

### Point One

■ In their first point on appeal, Appellants claim that the trial court erred in granting summary judgment in favor of the City and Apex because the City violated the public notice requirement of section 89.050 when it gave notice only of the Planning Commission meeting and not the Board of Aldermen meeting at which the rezoning request was considered and voted upon.

■ Zoning ordinances constitute an exercise of a state's police power. *City of Louisiana v. Branham*, 969 S.W.2d 332, 336 (Mo.App. E.D.1998). A city has no inherent police power so it must look to statutes to determine the extent of the power delegated to it by the state. *Id.* Any exercise of such delegated powers must conform to the terms of the statutory grant. *Id.* Missouri's Zoning Enabling Act, sections 89.010 through 89.140, is the sole source of power and measure of authority for a city, town, or village in zoning matters. *Id.* Section 89.030 delegates the power to zone to municipalities and provides that the local legislative bodies of such municipalities may divide their cities into zoning districts. Section 89.050 grants municipal legislative bodies the power to determine the manner in which zoning regulations shall be established and amended. It also provides that notice and a hearing are necessary prerequisites to the valid enactment of a zoning ordinance. *City of Monett, Barry County v. Buchanan*, 411 S.W.2d 108, 113 (Mo.1967). Specifically, section 89.050 provides:

The legislative body of such municipality shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established, and enforced, and from time to time amended, supplemented, or changed. However, no such regulation, restriction, or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least fifteen days' notice of the time and place of such hearing shall be published in an official paper or a paper of general circulation in such municipality.

Section 89.060 governs the amendment of a zoning ordinance. It states, "The provisions of section 89.050 relative to public hearing and official notice shall apply equally to all changes or amendments." § 89.060. Enactment of a zoning ordinance or the amendment of an existing ordinance must strictly comply with the statutorily prescribed notice and hearing requirements of sections 89.050 and 89.060. *Branham*, 969 S.W.2d at 336. Where the procedural requirements of the Zoning Enabling Act are not strictly complied with, the ordinance is invalid and cannot be enforced. *Id.*

Pursuant to the authority granted by section 89.050 to provide for the manner in which zoning regulations shall be established, the Parkville Board of Aldermen, the legislative body of the City of Parkville, enacted sections 483.020 and 483.030 of the Parkville Zoning Ordinances. Section 483.020 provides that, before taking any action on any proposed amendment to the zoning districts or regulations, the Board of Alderman shall submit the amendment to the city's Planning Commission for its recommendation and report. Section 483.030 of the Parkville Zoning Ordinances provides notice and a public hearing before the Planning Commission on any proposed amendment to the zoning district:

The Planning Commission shall hold a public hearing thereon, before submitting its report to the Board of Aldermen. Notice of public hearings before the Commission shall be given by publishing the time, place, and nature of the hearing not more than thirty (30) nor less than fifteen (15) days before the hearing at least once in one (1) or more newspapers in general circulation in the City.

Appellants argue that in addition to the requirements of the Parkville ordinances for notice and a public hearing before the Planning Commission on zoning proposals, sections 89.050 and 89.060 required Parkville to give notice of the Board of Aldermen's meeting at which it considered and voted upon the ordinance rezoning the Apex property. The plain language of the statutes makes no such requirement, however. Section 89.050 compels that a public hearing be held prior to enactment of a zoning ordinance. It does not require that the public hearing be held by the legislative body, the Board of Alderman in this case, as suggested by Appellants. To hold otherwise would require this court to read into the statute the requirement of a public hearing "before the city's legislative body." The primary goal in construing a statute is to ascertain the intent of the legislature from the language used. *State ex rel. Hunter v. Lippold*, 142 S.W.3d 241, 243 (Mo.App. W.D.2004). A court may not read into a statute a legislative intent contrary to the intent made evident by the plain language of the statute. *Id.*

This case is similar to the case, *Reynolds v. Liccardi*, 504 So.2d 654 (La.Ct.App. 1987). In *Reynolds*, plaintiffs challenged a zoning change by the police jury, the legislative body, of the Louisiana parish of St. Bernard allowing the establishment of a

trailer park on a particular tract of land. *Id.* at 655. They alleged that the action taken by the police jury at its regularly scheduled monthly meeting constituted a public hearing for which there was lack of proper notice. *Id.* The court agreed and invalidated the ordinance, and the police jury appealed. *Id.*

The applicable statutes provided, in pertinent part:

§ 140.54: No regulation of restriction shall become effective until after a public hearing at which parties in interest have an opportunity to be heard. A public hearing in regard to the regulations may be held by the governing authority of the parish.

§ 140.55: The provisions of R.S. 33:140.54 relating to public hearing and official notice shall apply equally to all changes or amendments.

§ 140.56: The parish planning commission . . . shall be the zoning commission for the parish of St. Bernard. Before making any recommendation to the police jury, the zoning commission shall hold a public hearing. Notice of time and place of each such hearing shall be published. . . .After the hearing has been held by the zoning commission, it shall make a report of its findings and recommendations to the police jury and the police jury shall not hold its public hearings or take any action until it has received the final report of the zoning commission.

*Id.* at 656 (quoting LA.REV.STAT. ANN. §§ 140.54, 140.55, 140.56).

In the case, the parish zoning commission advertised a public hearing, held a hearing, and considered the arguments on both sides of the issue. *Id.* It then issued a report to the police jury. *Id.* At its regularly scheduled monthly meeting, the police jury considered the commission's report and voted on the proposal. *Id.* The Louisiana Court of Appeals explained that section 140.54 required a public hearing before establishing or amending a zoning ordinance and that the statute did not require that the public hearing be conducted by the governing authority of the parish, although it may hold such hearing in its discretion. *Id.* The court also noted that section 140.56 required that the zoning commission conduct a public hearing with notice prior to making a recommendation to the police jury. *Id.* The court, therefore, held that the hearing before the zoning commission satisfied the requirement that a public hearing be held before effecting a change or amendment, each preliminary step required by the statutes was met, and proper notice was given. *Id.*

■ Section 89.050 provides that no zoning regulation shall become effective until after a public hearing in relation thereto. Like the statute in *Reynolds,* section 89.050 does not require that the public hearing be conducted by the legislative body. And also like the statutes in *Reynolds,* sections 483.020 and 483.030 of the Parkville ordinances require a public hearing before the Planning Commission before it makes its recommendations to the Board of Aldermen. The purpose of the notice and public hearing requirements in sections 89.050 and 89.060 is to afford interested persons an opportunity to be heard regarding a proposed zoning ordinance. *Bonds v. City of Webster Groves,* 432 S.W.2d 777, 783 (Mo.App.1968). In this case, notice of the January 14, 2003, and February 11, 2003, hearings before the Planning Commission were published in the local newspaper and also mailed via certified mail to property owners within 185 feet of the boundaries of the Apex property, and several interested property owners testified at the hearings against Apex's effort to rezone the property. The hearing before the Parkville Planning

Commission, thus, satisfied the hearing requirement of section 89.050.

Appellants contend that the case of *Murrell v. Wolff,* 408 S.W.2d 842 (Mo. 1966), supports their argument that section 89.050 requires notice and a public hearing before the legislative body to amend or enact a zoning ordinance. *Murrell,* however, is distinguishable from this case. The question in *Murrell* was whether section 89.070 required a zoning ordinance, which amended an existing ordinance, to first have been submitted to a zoning commission for study, public hearing, and report before its enactment. *Id.* at 847. The ordinance at issue was not submitted to a zoning commission before being considered and voted upon by the board of aldermen after a public hearing by the board of aldermen. *Id.* at 846. In answering the question, the Missouri Supreme Court discussed the difference between the procedural requirements for enacting a city's original zoning districts and regulations and for zoning amendments. *Id.* at 847–48. It explained that section 89.070 mandates a two-hearing procedure in the enactment of original districts and regulations, one before the planning commission and one before the legislative body.[2] *Id.* at 847. Such two-hearing procedure "provides the property owner, the public and the municipality a double protection against hasty and ill-conceived action in the establishment of zoning a municipality." *Id.* at 847–48. The Court further explained that sections 89.050 and 89.060 govern amendments to zoning districts or regulations and that they require a public hearing and official notice. *Id.* at 848. The Court then stated the following, relied upon by Appellants in the case sub judice, "The hearing

contemplated for amendments, modifications and changes is a hearing before the legislative body; not the two-phase hearing procedure required in the enactment of original zoning ordinances." *Id.* In making this statement, however, the Court recognized the specific circumstances of the case that at the time of the ordinance was enacted, no zoning commission existed, no ordinance existed requiring submission to a zoning commission, and all zoning amendments went directly to the board of aldermen for public hearing. *Id.* The Court acknowledged that a municipality may create a zoning commission that provides, via ordinance, that all applications for rezoning be referred by its legislative body to its planning commission for investigation, study, and report. *Id.* Such is the case here where sections 483.020 and 483.030 of the Parkville ordinances require submission of a proposed amendment to the planning commission for public hearing after proper notice, recommendations, and report to the Board of Alderman. As discussed above, Apex's rezoning request was submitted first to the Planning Commission where public hearings were held, and the Planning Commission issued its recommendation to the Board of Alderman before action was taken by the Board. The City satisfied the notice and public hearing requirements of section 89.050. Point one is denied.

### Point Two

In point two, Appellants claim that the trial court erred in granting summary judgment in favor of the City and Apex because the City's failure to provide adequate notice of the Board of Alderman's meeting denied them due process of law as guaranteed by the Fourteenth Amendment

---

**2.** Section 89.070 provides, in pertinent part, "In order to avail itself of the powers conferred by sections 89.010 to 89.140, such legislative body shall appoint a commission, to be known as 'The Zoning Commission,' to recommend the boundaries of the various original districts and appropriate regulations to be enforced therein."

to the United States Constitution and Article I, Section 10 of the Missouri Constitution. They contend that the notice they received for the meeting before the Planning Commission did not satisfy due process because that meeting was not the forum at which they could be heard in a meaningful manner.

 Generally, the taking of a property right without notice and an opportunity to be heard violates due process. *Laubinger v. Laubinger,* 5 S.W.3d 166, 174 (Mo.App. W.D.1999)(quoting *Weber v. Firemen's Retirement Sys.,* 872 S.W.2d 477, 479 (Mo. banc 1994)). The requirements of procedural due process apply, however, only to the deprivations of interests encompassed by the constitutional protection of liberty and property, and the range of interests protected by procedural due process is not infinite. *Id.* (citing *Belton v. Bd. of Police Comm'rs,* 708 S.W.2d 131, 136 (Mo. banc 1986)). Thus, a two-step analysis is required to determine whether the constitutional right to procedural due process was violated. *Id.* Whether a constitutionally protected interest is impinged must first be determined. *Id.* (citing *Belton,* 708 S.W.2d at 136). If so, the second step is to determine whether the procedures followed satisfied due process requirements. *Id.* (citing *Belton,* 708 S.W.2d at 136).

 Appellants fail to address the first step of the analysis and cite no authority to demonstrate that they, as neighboring property owners to property subject to a rezoning request, have a constitutionally protected property interest in continuing the existing zoning classification of the nearby property. In fact, little

cogent support exists for the proposition that a neighbor has a constitutional right to have restrictions imposed on others.[3] DOUGLAS W. KMIEC, ZONING AND PLANNING DESKBOOK § 6.1 (2d ed.2001). Nevertheless, zoning, rezoning, and refusals to rezone are legislative rather than quasi-judicial acts. *Fairview Enters., Inc. v. City of Kansas City,* 62 S.W.3d 71, 76 (Mo. App. W.D.2001); *Hoffman v. City of Town & Country,* 831 S.W.2d 223, 224 (Mo.App. E.D.1992). Furthermore, a zoning ordinance is presumed valid. *Fairview,* 62 S.W.3d at 77; *Hoffman,* 831 S.W.2d at 225. Thus, while notice and a hearing on Apex's application to rezone were required by sections 89.050 and 89.06, they were not constitutionally required. *State ex rel. Coffman v. Crain,* 308 S.W.2d 451, 456 (Mo.App.1958). *See also W.C. & A.N. Miller Dev. Co. v. D.C. Zoning Comm'n,* 340 A.2d 420, 424 (D.C. 1975). Instead, due process requires that a zoning ordinance bear a substantial relationship to health, safety, morals, or public welfare, and the constitutional standard is essentially one of reasonableness. *Fairview,* 62 S.W.3d at 76 (citations omitted); *St. Louis County v. Kienzle,* 844 S.W.2d 118, 122 (Mo.App. E.D.1992). Appellants do not claim that the ordinance rezoning the Apex property was unreasonable. Point two is denied.

The judgment of the trial court is affirmed.

HOWARD, P.J., and BRECKENRIDGE, J. concur.

---

3. The City and Apex do not dispute that Appellants have standing in this case. An adjoining or nearby property owner has standing, without further proof of special damage, to assert the invalidity of an ordinance or the right for review of an administrative decision affecting the property in question. *Allen v. Coffel,* 488 S.W.2d 671, 675 (Mo.App.1972). Whether a neighbor has a constitutionally protected interest for procedural due process purposes is, however, a separate question.