

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| ARCH ENERGY, L.C., | ) | No. ED112714 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 22SL-CC02058 |
| | ) | |
| CITY OF BRENTWOOD, | ) | Honorable John N. Borbonus |
| | ) | |
| Respondent. | ) | Filed: March 18, 2025 |

### Introduction

Respondent City of Brentwood enacted an amendment to its zoning ordinance over the objections of Appellant Arch Energy, L.C. Appellant sued Respondent over the ordinance and, after both parties moved for summary judgment, the trial court granted summary judgment to Respondent. Appellant argues the trial court erred in granting summary judgment because Respondent did not provide the statutorily mandated notice of its hearing on the ordinance, and the ordinance is unreasonable as applied to Appellant's property, an unconstitutional "taking" of Appellant's property, and not rationally related to legitimate land use concerns. Appellant also maintains it was not required to exhaust administrative remedies before seeking declaratory relief in Count I of its amended petition.

Because Appellant was not required to exhaust administrative remedies before seeking a declaratory judgment and Respondent did not provide the requisite statutory notice before enacting the ordinance, we reverse the summary judgment of the trial court as to Count I and remand for further proceedings consistent with this opinion.

**Factual and Procedural Background**

Facts

Appellant owns multiple properties in the City of Brentwood. Appellant operates one of these properties as a gas station and convenience store. After receiving at least nominal support from former city officials, Appellant bought another five parcels across from the gas station, where it planned to expand its operations over time.

When Brentwood's new director of planning and development was named in August 2021, Appellant's plans began to unravel. The new director proposed a zoning amendment removing gas stations as a conditional use for the "PD" Planned Development Overlay District in which Appellant's properties are located.

On January 10 and 13, 2022, Respondent published notice in several local newspapers that the Board of Aldermen would hold a hearing on the amendment on February 7, 2022. At the February 7 meeting, however, there was no public hearing at which interested parties and citizens had an opportunity to be heard. Instead, the Board of Aldermen did not take up the amendment and immediately continued consideration of the amendment to its February 22 meeting.

Notice of the February 22 meeting was provided by mail to local residents but was not published in any newspaper. At this meeting, the Board of Aldermen held a public hearing and heard comments from Appellant and residents neighboring the gas station. Finally, at a meeting

2

on March 7, the Board of Aldermen unanimously passed the amendment, which became Ordinance 5008 upon the mayor's approval.

Procedural Background

Appellant filed a lawsuit against Respondent and various city officials on April 4, 2022. Its amended petition included four counts against Respondent: a demand for a declaratory judgment that Respondent failed to follow the notice requirements in Sections 89.050 and 89.060 to amend the ordinance, inverse condemnation, deprivation of Appellant's civil rights in violation of 42 U.S.C. § 1986, and conspiracy to deprive Appellant of its constitutional rights.

Respondent and the other defendants removed the case to federal court, but the case was remanded to state court. Between the removal and remand, the other defendants were dropped, leaving Respondent as the sole defendant.

Upon remand to state court, Appellant and Respondent filed dueling motions for summary judgment. Appellant argued it was entitled to judgment as a matter of law because Respondent failed to give the required notice of the February 22 meeting of the Board of Aldermen pursuant to Section 89.050, the ordinance's blanket prohibition on an "essential service" was irrational and did not serve a public purpose, and the ordinance was a "taking" of Appellant's property.[1]

Respondent sought judgment as a matter of law on the bases that it followed the notice requirements of Section 89.050 in enacting Ordinance 5008, the ordinance was reasonable, and Appellant failed to exhaust its administrative remedies before seeking declaratory relief.

The trial court entered its judgment fully granting Respondent's motion for summary judgment and denying Appellant's motion for summary judgment. Appellant now appeals.

---

[1] All statutory references are to the Revised Statutes of Missouri (2016), unless otherwise indicated.

3

**Discussion**

Appellant brings eight points on appeal. Appellant's Points I through III challenge the trial court's summary judgment in favor of Respondent. Point I argues the trial court erred in granting Respondent's summary judgment motion as to Count I of Appellant's amended petition because Respondent did not give notice as required by statute before enacting the ordinance. Point II argues the ordinance is unreasonable as applied to Appellant's properties. Point III argues the ordinance amounted to a "taking" under the Missouri Constitution.

Points IV through VI challenge the trial court's denial of Appellant's summary judgment motion, and are essentially mirror images of Points I through III.

Appellant's Point VII alleges the trial court erred in granting Respondent's summary judgment motion because Appellant was not required to exhaust administrative remedies before seeking declaratory relief. Finally, in Point VIII, Appellant argues the ordinance unreasonably limits an "essential service."

Standard of Review

We review summary judgment *de novo*. *MacColl v. Mo. State Highway Patrol*, 665 S.W.3d 290, 293–94 (Mo. banc 2023). Summary judgment is granted where the movant demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(6); *MacColl*, 665 S.W.3d at 294.[2]

Point VII: Exhaustion of Administrative Remedies

We first take up Appellant's Point VII alleging that Appellant was not required to exhaust administrative remedies before filing its declaratory judgment action in the trial court. If, as

---

[2] All Rules references are to the Missouri Supreme Court Rules (2023), unless otherwise indicated.

Respondent counters, Appellant was required to exhaust administrative remedies and failed to do so, our inquiry would end there. *See Heatherly v. Wood*, 648 S.W.3d 131, 133, 133 n.4 (Mo. App. E.D. 2021) (holding that failure to exhaust administrative remedies meant this Court lacked authority to adjudicate the matter). Appellant argues the trial court erred in granting summary judgment because, in its amended petition, Appellant challenged a legislative action of the Board of Aldermen, not an administrative action, and it need not exhaust administrative remedies before challenging a legislative action. We conclude Appellant was not required to exhaust administrative remedies in the present circumstances.

Respondent argued in its motion for summary judgment that Appellant failed to exhaust available administrative remedies. Generally, before seeking a declaratory judgment, a plaintiff must exhaust administrative remedies when a remedy before an administrative agency is available. *Premium Standard Farms, Inc. v. Lincoln Tp. of Putnam Cnty.*, 946 S.W.2d 234, 237 (Mo. banc 1997).

On appeal, Respondent cites various cases in which this Court decided plaintiffs were required to exhaust administrative remedies before bringing as-applied challenges to zoning regulations. *See, e.g.*, *Shaffer v. City of Sunset Hills*, 807 S.W.2d 207, 208–09 (Mo. App. E.D. 1991) (requiring exhaustion of administrative remedies before plaintiff could seek declaratory judgment that his use of property was valid nonconforming use and city engaged in inverse condemnation); *N.G. Heimos Greenhouse, Inc.*, 597 S.W.2d 261, 262–63 (Mo. App. E.D. 1980) (requiring exhaustion of administrative remedies before plaintiff could seek declaratory judgment that its construction of greenhouse was not illegal expansion of nonconforming use); *State ex rel. J.S. Alberici, Inc. v. City of Fenton*, 576 S.W.2d 574, 575, 577–79 (Mo. App. E.D. 1979) (requiring exhaustion of administrative remedies before plaintiff could file declaratory judgment action to

require city to grant building permit). Those cases are inapplicable here to Count I of Appellant's amended petition, which sought a declaratory judgment that Respondent's amendment of its zoning ordinance is invalid on its face for lack of the required notice.

It is true that "[g]enerally, parties must exhaust adequate administrative remedies before resorting to an action at law or in equity." *State ex rel. Whiteco Indus., Inc. v. Bowers*, 965 S.W.2d 203, 206 (Mo. App. E.D. 1998). But when there is no adequate administrative remedy, "the court will not require exhaustion." *Premium Standard Farms, Inc.*, 946 S.W.2d at 237. Respondent suggests Appellant could pursue the administrative remedies of rezoning, applying for a conditional use permit, or proposing a zoning amendment. None of Respondent's suggested remedies is an adequate remedy for Appellant's grievance that Respondent's amendment to its zoning ordinance is invalid on its face and void *ab initio* for failure of Respondent to comply with statutory notice requirements.

Count I of Appellant's amended petition requested a declaratory judgment that Ordinance 5008 is void because Respondent failed to comply with the notice requirements of Sections 89.050 and 89.060 when amending the ordinance. Appellant's Point I on appeal likewise alleges the trial court erred in granting Respondent's motion for summary judgment on Count I because Respondent failed to provide the required notice. Failing to give proper notice under Sections 89.050 and 89.060 renders an ordinance void. *City of Louisiana v. Branham*, 969 S.W.2d 332, 336 (Mo. App. E.D. 1998) (citing *State ex rel. Casey's Gen. Stores, Inc. v. City of Louisiana*, 734 S.W.2d 890, 895 (Mo. App. E.D. 1987)).

Neither rezoning nor a conditional use permit cures the fundamental invalidity of an ordinance enacted without proper notice. A conditional use permit is an inadequate remedy here for the additional reason that gas stations are not a permitted conditional use for the "PD" Planned

Development Overlay District in Respondent's ordinance. *See* City of Brentwood, Ordinance 5008 (governing the use of "PD" Planned Development Overlay Districts). Finally, the remedy of a zoning amendment is not even an administrative remedy. A board of aldermen is a legislative body and its actions are legislative. *PMS 4583 LLC v. City of New Melle*, 639 S.W.3d 10, 17 (Mo. App. E.D. 2021). Even if a zoning amendment were administrative in nature, amending an already void zoning ordinance is no remedy at all.

Appellant was not required to exhaust administrative remedies before seeking a declaratory judgment that Respondent failed to comply with the notice requirements of Sections 89.050 and 89.060. We therefore turn to Appellant's Point I on appeal that the trial court erred in granting summary judgment on Count I of Appellant's amended petition, which sought a declaratory judgment that Respondent failed to comply with the notice requirements of Sections 89.050 and 89.060.

<u>Point I: Notice Under Sections 89.050 and 89.060</u>

Appellant asserts that, in enacting Ordinance 5008, Respondent failed to follow the notice requirements of Sections 89.050 and 89.060 requiring notice "in an official paper or paper of general circulation in [the] municipality" of a public hearing "at which parties in interest and citizens shall have an opportunity to be heard." Appellant argues that, while Respondent provided notice of the February 7, 2022 meeting of the Board of Aldermen, that was not a public hearing at which parties in interest and citizens had an opportunity to be heard. Appellant further maintains that, though the February 22, 2022 meeting was a public hearing, proper notice of that hearing was not given.

Sections 89.010 through 89.140 are Missouri's Zoning Enabling Act, which "is the sole source of power and measure of authority for cities, towns and villages in zoning matters." *City of*

*Louisiana*, 969 S.W.2d at 336. Zoning is part of the state's police power, so cities, possessing no inherent police power to zone, are limited to the powers delegated to them by the Enabling Act. *Id.*

Section 89.050 allows municipalities to create and regulate zoning districts, but "no such regulation, restriction, or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard." Section 89.050 goes on to require that municipalities give "[a]t least fifteen days' notice of the time and place of such hearing" and publish such notice "in an official paper or a paper of general circulation in such municipality." Section 89.060 extends the notice requirements of Section 89.050 "equally to all changes or amendments" to municipalities' zoning ordinances.

The valid exercise of delegated powers must conform to the terms of the statutory grant, and therefore must "strictly comply with the statutorily prescribed notice and hearing requirements of [Sections] 89.050 and 89.060." *City of Louisiana*, 969 S.W.2d at 336. When the Enabling Act's procedural requirements are not strictly complied with, "the ordinance passed is invalid and cannot be enforced." *Id.* (citing *State ex rel. Casey's Gen. Stores, Inc.*, 734 S.W.2d at 895).

In this case, the Board of Aldermen's February 7 meeting was not the statutorily mandated public hearing at which parties in interest and citizens shall have an opportunity to be heard. Rather, the Board allowed no public comment and summarily continued the hearing to February 22. The Board then gave notice of the February 22 meeting by mailing letters to its citizens. This was not notice "published in an official paper or a paper of general circulation in such municipality," as required by the very specific terms of Section 89.050. Thus, Respondent never held a public hearing at which parties in interest and citizens shall have an opportunity to be heard, for which notice was published in an official paper or a paper of general circulation.

Respondent nonetheless argues that *Moore v. City of Parkville* is controlling. 156 S.W.3d 284 (Mo. App. W.D. 2005). In *Moore*, the Western District of this Court considered whether a board of aldermen needed to give notice of its meeting to vote on a zoning measure that already had been heard by the city's planning commission. *Id.* at 387. The planning commission advertised its January meeting in the local newspaper as required by Section 89.050, met "as advertised," and held a public hearing discussing the rezoning request. *Id.* at 386. The planning commission also continued further discussion to its February meeting, but only after it had held the January hearing with public comment. *Id.* at 386–87. The board of aldermen then approved the zoning measure without holding its own public hearing. *Id.* at 388. The Court held that Section 89.050 requires "that a public hearing be held prior to enacting a zoning ordinance," but the hearing does not have to "be held by the legislative body," that is, the board of aldermen. *Id.* The Court concluded that the notice of the planning commission hearing met the requirements of Section 89.050. *Id.* at 389–90.

*Moore* is not applicable here. In *Moore*, the notice requirements of Sections 89.050 were met because the city, albeit through the planning commission and not the board of aldermen, properly advertised in the local newspaper a hearing with public comment on the rezoning measure. *Id.* at 386–87. As already explained, that simply did not happen in this case.

Because Respondent failed to publish the statutorily required notice of a public hearing on Ordinance 5008, the ordinance "is invalid and cannot be enforced." *City of Louisiana*, 969 S.W.2d at 336 (citing *State ex rel. Casey's Gen. Stores, Inc.*, 734 S.W.2d at 895). Respondent is not entitled to judgment as a matter of law on Count I of Appellant's amended petition.

Point I is granted.

## Points II, III, and VIII

Point I is dispositive, and we therefore do not address Appellant's various as-applied challenges to the ordinance in Points II, III, and VIII.

<u>Points IV, V, and VI</u>

Finally, we lack jurisdiction to consider Appellant's Points IV, V, and VI. Those points challenge not the trial court's granting of Respondent's motion for summary judgment but its denial of Appellant's motion for summary judgment.[3]

Missouri appellate courts have jurisdiction over only final judgments. *Century Fin. Servs. Grp., Ltd. v. Roche*, 896 S.W.2d 743, 744 (Mo. App. E.D. 1995) (citing *Haugland v. Parsons*, 827 S.W.2d 285, 286 (Mo. App. E.D. 1992)). A circuit court's denial of a motion for summary judgment is not a final judgment and is not appealable. *Leiser v. City of Wildwood*, 59 S.W.3d 597, 605 (Mo. App. E.D. 2001); *L.C. Dev. Co.*, *Inc. v. Lincoln Cnty.*, 26 S.W.3d 336, 338 (Mo. App. E.D. 2000). This is so even though Appellant's points challenging the denial of its motion for summary judgment are only part of the larger appeal also challenging the trial court's appealable order granting summary judgment to Respondent. *See Leiser*, 59 S.W.3d at 605.

Because we lack jurisdiction to consider Points IV, V, and VI, they are dismissed.

**Conclusion**

For the foregoing reasons, we reverse the trial court's summary judgment in favor of Respondent on Count I of Appellant's amended petition and remand for further proceedings consistent with this opinion.

---

[3] "Although neither party raises the issue of appellate jurisdiction, it is our duty to do so *sua sponte*." *Century Fin. Servs. Grp., Ltd. v. Roche*, 896 S.W.2d 743, 744 (Mo. App. E.D. 1995).

_____

Cristian M. Stevens, J.,

James M. Dowd, P.J., and
Angela T. Quigless, J. concur.

11